JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -7 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 891

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AIR DISASTER AT DETROIT METROPOLITAN AIRPORT, DETROIT, MICHIGAN, ON DECEMBER 3, 1990

## BEFORE JOHN F. NANGLE,* CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK,* HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of six actions pending in three districts as follows: three actions in the Eastern District of Michigan, two actions in the Northern District of Ohio, and one action in the Eastern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendant Northwest Airlines, Inc. (Northwest) to centralize this litigation in the Eastern District of Michigan for coordinated or consolidated pretrial proceedings. All responding parties either agree upon the desirability of or do not oppose centralization in the Michigan forum.

On the basis of the papers filed,[1] the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share factual questions concerning the cause or causes of the December 3, 1990 runway collision at Detroit Metropolitan Airport between two Northwest passenger planes. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. In selecting the Eastern District of Michigan as the transferee forum, we note that: 1) that district is the situs of the crash; and 2) it is the choice of all responding parties.

---

*Judges Nangle and Pollak took no part in the decision of this matter.

[1]The parties waived oral argument and, accordingly, the question of transfer of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Michigan be, and the same hereby are, transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Gerald E. Rosen for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### FOR THE PANEL:

**S. Hugh Dillin**
**Acting Chairman**

*SCHEDULE A*

## *MDL-891 -- In re Air Disaster at Detroit Metropolitan Airport, Detroit, Michigan, on December 3, 1990*

### Northern District of Ohio

Ravi Marwaha, et al. v. Northwest Airlines, Inc.,
   N.D. Ohio, C.A. No. 1:91-CV-0570
John Caldwell, et al. v. Northwest Airlines, Inc.,
   N.D. Ohio, C.A. No. 1:91-CV-0712

### Eastern District of Michigan

Milio Rinna, et al. v. Northwest Airlines, Inc.,
   E.D. Michigan, C.A. No. 90-CV-73711-DT

William J. Hughes, Jr., etc. v. Northwest
   Airlines, Inc., E.D. Michigan,
   C.A. No. 91-CV-70121-DT
Hobart Zitto, et al. v. Northwest Airlines, Inc.,
   E.D. Michigan, C.A. No. 91-CV-70649-DT

### Eastern District of New York

Joseph E. Kutzel, et al. v. Northwest Airlines,
   Inc., E.D. New York, C.A. No. CV-91-1525

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 1 0 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 891*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE AIR DISASTER AT DETROIT METROPOLITAN AIRPORT, DETROIT, MICHIGAN, ON DECEMBER 3, 1990*

*Kimberly Aven Burke, etc. v. Northwest Airlines, Inc., et al.,* S.D. Texas, C.A. No. H-91-2693

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD,\* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

*TRANSFER ORDER*



Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (*Burke*) to vacate, or stay, the Panel's order conditionally transferring *Burke* to the Eastern District of Michigan for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Gerald E. Rosen. Defendant Northwest Airlines, Inc., states that it does not oppose a stay of transfer of *Burke*.

On the basis of the papers filed and the hearing held, the Panel finds that *Burke* involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Michigan, and that transfer of *Burke* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff premises her opposition to transfer of *Burke* on the pendency of plaintiff's motion to remand *Burke* to Texas state court. She urges the Panel not to order transfer until the court in the Southern District of Texas has decided the remand issue in *Burke*. We note, however, that the pending motion to remand *Burke* to Texas state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Kimberly Aven Burke v. Northwest Airlines, Inc., et al.*, S.D. Texas, C.A. No. H-91-2693, be, and the same hereby is, transferred to the Eastern District of Michigan and, with the consent of

---

\* Judge Woodward took no part in the decision of this matter.

- 2 -

that court, assigned to the Honorable Gerald E. Rosen for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

### FOR THE PANEL:

John F. Nangle
Chairman